(121 App. Div. 70)

## SIENBIDA v. TONAWANDA BOARD & PAPER CO.

(Supreme Court, Appellate Division, Fourth Department.    July 9, 1907.)

1. MASTER AND SERVANT—PERSONAL INJURY TO SERVANT—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action under Employer's Liability Act, Laws 1902, p. 1748, c. 600, § 1, extending the liability of employers for personal injuries to employés for personal injury caused by the falling of coal, evidence *held* sufficient to warrant a finding that defendant was negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 964.]

.2. SAME—SUPERINTENDENT'S NEGLECT—MASTER'S LIABILITY.

Where defendant's coal pile froze, so that a crust formed on top, and as coal was taken from the bottom an overhanging crust was left, and the defendant's superintendent was notified, several days before an accident to an employé, that the overhanging crust was dangerous and ought to be removed, and promised to look after it, but failed to do so, under Employer's Liability Act, Laws 1902, p. 1748, c. 600, § 1, extending the liability of employers for personal injuries to employés, the duty to remove the crust was upon the superintendent, if not the defendant, and the defendant is liable for the superintendent's neglect of duty, if it was his alone, and not defendant's negligence primarily.

McLennan, P. J., and Robson, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Michael Sienbida against the Tonawanda Board & Paper Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Clinton B. Gibbs, for appellant.

Elbert S. Boughton, for respondent.

WILLIAMS, J.   The judgment and order should be affirmed, with costs.

The action was to recover damages for personal injuries, alleged to have resulted from defendant's negligence.   The plaintiff was engaged in wheeling coal from a coal pile in defendant's yard to the boiler house, and was under the general superintendence and direction of one Hassett.   The coal was being taken from a pile some eight or ten feet high.   It had frozen, so that a crust had been formed on top, and as the coal was taken from the bottom of the pile there was left an overhanging crust eight to twelve inches thick, and as the removal of the coal below continued the crust was so undermined and became so weakened that it finally fell upon plaintiff and crushed his leg. The action was tried as one under the employer's liability act, and the questions of defendant's negligence, plaintiff's contributory negligence, and of assumed risk, were submitted to the jury as questions of fact.   A verdict for plaintiff of $800 was rendered.

The notice under the employer's liability act was sufficient, in view of the provision of the statute that:

"No notice under the provisions of this section shall be deemed invalid or insufficient solely by inaccuracy in stating the time, place or cause of the in-

jury, if it be shown that there was no intention to mislead, and the party entitled to notice was not in fact misled thereby." Section 2, c. 600, p. 1749, Laws 1902.

There was evidence sufficient to authorize the jury to find the plaintiff free from contributory negligence, and that there was no assumption of risk by him. These questions are made expressly by the statute questions for the jury to determine. There was evidence sufficient to warrant the finding by the jury of negligence on the part of the defendant, under the employer's liability act. Hassett was a superintendent. He was notified, several days before the accident, that the overhanging crust was dangerous and that it ought to be removed. He promised to look after it, but failed to do so. Under the common law this may have been a detail of the work for which the employer, having furnished a competent superintendent to supervise the work, would not have been liable under such cases as Russell v. Lehigh Valley R. R. Co., 188 N. Y. 344, 81 N. E. 122; but under the employer's liability act the duty to remove the crust was upon the superintendent, if not the defendant, and the defendant would be liable for the superintendent's neglect of duty, if it was his alone, and not the negligence of the defendant primarily. Section 1, c. 600, p. 1748, Laws 1902.

Judgment and order affirmed, with costs. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.